UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States Courts
Southern District of Texas
FILED

JUN 1 7 2004

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| JOSE HERNANDEZ, AS NEXT FRIEND OF AN INCAPACITATED ADULT, IRMA HERNANDEZ | * * * * * | |
| Plaintiff | * * | CIVIL ACTION NO. **C-04-319** |
| VS. | * * | |
| FORD MOTOR COMPANY, Defendant | * * | (JURY DEMANDED) |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, JOSE HERNANDEZ, AS NEXT FRIEND OF AN INCAPACITATED ADULT, IRMA HERNANDEZ, Plaintiff herein, complaining of Ford Motor Company, Defendant herein, and for her cause of action would show the court as follows:

### I. JURISDICTION AND VENUE

1.      The court has jurisdiction over this cause of action because it is a cause of action between citizens of Texas and Michigan.  The amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. §1332 (a)(2).

2.      Venue is proper in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. §1391 (a)(1) in that venue is proper where "any defendant resides" and further that a defendant is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the cause of action is commenced."

3. Defendant has previously appeared in and defended one or more lawsuits in Texas in the Southern District containing allegations that a Ford Explorer vehicle manufactured by Defendant was defective and caused personal injury or death.

4. Defendant's contacts with the State of Texas are continuous and systematic, such that the court has general personal jurisdiction over Defendant.

5. Vehicles manufactured by Defendant are routinely sold in Texas through local dealers in Corpus Christi, Texas as well as national vehicle dealers doing business in the State of Texas.

6. Defendant purposely markets and sales its vehicles through distributors in Texas.

7. Accordingly, Defendant has purposefully availed itself of the privileges and benefits of conducting business in Texas.

8. Defendant's alleged liability in this case arises from or is related to the sale, distribution, and/or use of its vehicles in Texas.

9. The Court's exercise of personal jurisdiction over Defendant comports with due process.

10. Defendant is deemed to reside in the Southern District of Texas pursuant to 28 U.S.C. §1391 (a)(1)(c) in that it regularly conducts business in Corpus Christi, and is subject to personal jurisdiction in Corpus Christi, Texas.

## II. PARTIES

11. Plaintiff Jose Hernandez is the biological father of Irma Hernandez, an incapacitated adult and brings suit as next friend to recover for his daughters catastrophic injuries sustained in the accident made the basis of this lawsuit.

12. Defendant Ford Motor Company ("Ford") is a Delaware Corporation with its principle place of business in Michigan. Defendant Ford may be served with process with serving its registered agent for service of process, C.T. Corporation Systems, 350 North St. Paul Street, Dallas, Texas 75201.

### III. FACTS

13. On or about January 24, 2004, Irma Hernandez was driving a 1996 Ford Explorer northbound on Highway 6 in College Station, Brazos County, Texas. Suddenly and without warning a green Mitsubishi automobile pulled in front of the vehicle being driven by Irma Hernandez, causing her to take evasive action. During this evasive action, Ms. Hernandez' Ford Explorer suffered an over correction, tripped and rolled several times causing Ms. Hernandez severe and permanently disabling injuries.

### IV. CAUSES OF ACTION
### PRODUCT LIABILITY

14. The vehicle in question was originally designed, manufactured, sold, and/or placed into the stream of commerce by Defendant Ford Motor Company.

15. At the time of the sale of the vehicle in question, Defendant Ford Motor Company was in the business of designing, manufacturing and selling automobiles such as the vehicle in question.

16. At the time the vehicle in question was designed, manufactured, sold and/or placed into the stream of commerce by Defendant Ford Motor Company, the same was defective and unreasonably dangerous in its design, marketing, and manufacture.

17. These defective and unreasonably dangerous conditions were a producing cause of the accident made the basis of this suit and the permanently disabling injuries sustained by Irma Hernandez. The damages (exclusive of interests and costs) sustained

by the Plaintiff are in an amount far in excess of the minimum $75,000.00 jurisdictional limits of the Federal Courts.

18. Aside from normal wear and tear, the subject vehicle was in the same defective condition at the time of the accident as when it left the hands of Defendant Ford Motor Company.

19. The subject vehicle was expected to and in fact reached the user or consumer without substantial change in the condition in which it was sold.

20. A safer alternative design was economically and technologically feasible at the time the product left the control of Defendant Ford Motor Company that would have prevented or significantly reduced the risk of injury without substantially impairing the utility of the product.

## V. NEGLIGENCE

21. At all times relative to the complaint, the Defendant was in the business of supplying motor vehicles for use on the public roadways. The Defendant held itself out as having special expertise in the industry. As such, the Defendant owed Plaintiff a duty to use reasonable care in the design, manufacture, preparation, testing, instructing and warnings surrounding the Ford Explorer and its components. The Defendant violated this duty by supplying a vehicle and components that were defective.

22. Defendant committed acts of omission and commission, which collectively and severally constituted negligence. The negligent acts included, but are not limited to, the following acts or omissions:

    a. Negligently designing the vehicle from handling and stability standpoint;

b. Negligently failing to test the vehicle to insure the design could withstand reasonably foreseeable evasive maneuver steering inputs without having a propensity to suffer two wheel lift;

c. Failing to adequately train and assist dealers in the dangers associated with the vehicle;

d. Failing to disclose known problems and defects concerning both the handling and stability defects as well as the defective roof structure;

e. Negligently marketing the vehicle as a safe passenger vehicle;

f. Failing to meet or exceed Internal Corporate Guidelines;

g. Negligently designing the vehicle from a marketing standpoint;

h. Failing to comply with the standards of care applicable in the automotive industry insofar as providing reasonable roof strength in accordance with FMVSS 216 so as to provide reasonable protection in a foreseeable accident;

i. Failing to comply with applicable and necessary Federal Motor Vehicle Safety Standards;

j. Failing to notify consumers as required by law that a defect exists in the vehicle that relates to public safety;

k. Failing to recall the vehicle or, alternatively, retrofitting the vehicle to enhance safety;

l. Failing to design the roof of the Explorer in question to prevent occupants from being seriously injured during a foreseeable vehicle collision;

  m. The product was placed on the market without adequate warnings about the dangers of the product;

  n. Failing to adequately test the product to discover the dangerous nature of the product;

  o. Failing to take action to investigate and correct problems with the product after learning of its risk to cause serious bodily injuries; and

23. These acts of negligence by Defendant were a proximate and producing cause of the crash, and severe injuries and damages of Irma Hernandez.

24. The dangers referenced earlier were reasonably foreseeable and scientifically discoverable at the time of exposure.

## VI. BREACH OF WARRANTY

25. At all times relevant to the complaint, the Defendant was "a merchant" in the business of supplying "goods". The Ford Explorer was "goods" and/or "products" sold for consumer usage.

26. As such, the Defendant breached the warranties of merchantability and fitness for a particular purpose in that the Ford Explorer was not fit for ordinary use or for the intended use for which it was purchased.

27. These breaches of warranty proximately resulted in the accident, injuries, and damages suffered by the Plaintiffs.

## VII. DAMAGES

28. As a producing and proximate result of the collision in question, Irma Hernandez, has suffered in the past and continues to suffer from severe and permanently disabling

injuries. Jose Hernandez as next friend of his daughter seeks to recover damages on behalf of Irma Hernandez including the following:

a. Medical care sustained in the past and that in reasonable probability Irma Hernandez will sustain in the future;

b. Lost earning capacity sustained in the past and that in reasonable probability Irma Hernandez will sustain in the future;

c. Physical pain and mental anguish damages sustained in the past and that in reasonable probability Irma Hernandez will sustain in the future;

d. Disfigurement sustained in the past and that in reasonable probability Irma Hernandez will sustain in the future;

e. Physical impairment sustained in the past and that in reasonable probability Irma Hernandez will sustain in the future.

## VIII. EXEMPLARY DAMGES AGAINST FORD MOTOR COMPANY

29. The wrong done by the Defendant Ford Motor Company in failing to properly test the product at issue, placing a defective product on the market, and continuing to market the product after learning of its potential for serious injury was aggravated by the kind of gross negligence, malice and disregard for which the law allows the imposition of exemplary damages. The conduct of Defendant Ford Motor Company, when viewed objectively from Defendant's standpoint at the time of the conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant was actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Plaintiffs' therefore, seek exemplary damages against Ford Motor Company.

## IX. PRE-JUDGMENT AND POST-JUDGMENT INTEREST

30.     Plaintiffs' seek pre-judgment and post-judgment interest as allowed by law.

## X. JURY DEMAND

31.     Plaintiffs' timely request a trial by jury and tender the appropriate fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited to appear and answer herein, as the law directs, and that upon final hearing thereof, Plaintiff have and recover judgment from the Defendant her actual and exemplary damages in such amounts as the evidence may show proper at the time of the trial, together with pre-judgment and post-judgment interest thereon at the maximum legal rate allowed by law, costs of court, attorneys fees, and for such other and further relief both general and special, at law or in equity, to which she may be justly entitled.

Respectfully submitted,

**SICO, WHITE & BRAUGH, L.L.P.**
Brantley White
900 Frost Bank Plaza
802 N. Carancahua
Corpus Christi, Texas 78470
Phone: 361-653-3300
Facsimile: 361-653-3333

By: /s/ Brantley White
Brantley White
State Bar No. 00789722
Federal Id. No. 22400

**ATTORNEY IN CHARGE
FOR THE PLAINTIFF**