UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSE HERNANDEZ, ET AL | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. C-04-319 |
| | § | |
| FORD MOTOR COMPANY | § | |
|     Defendant. | § | |

## ORDER DENYING DEFENDANT'S DAUBERT CHALLENGE TO EXPERT DAVID RENFROE

Pending before this Court is Defendant's Motion to Exclude the Testimony of Plaintiff's Expert David Renfroe Regarding Ford's Internal Standard for Rollover Resistance of a Vehicle (D.E. 50). Plaintiff retained David Renfroe to testify regarding the rollover stability of the 1996 Explorer.

Defendant seeks to exclude a limited portion of Dr. Renfroe's testimony. Defendant moves to exclude Dr. Renfroe's opinion regarding Ford's internal standard for rollover resistance of a vehicle. Defendant contends that:

> (1) Dr. Renfroe has no expertise about Ford, its employees, or the processes by which Ford communicates information or makes decisions that would qualify him to express an expert opinion on this subject;
>
> (2) a determination of Ford's knowledge or intent does not require specialized knowledge or expertise, and thus the jury can make such a determination on its own, without expert assistance; and

>   (3) testimony by Dr. Renfroe on the subject, based on the documents he cited, is speculative and conjectural and thus will not assist the trier of fact.

Dr. Renfroe's criterion for rollover stability defect is whether or not the vehicle can be made to "tip up" by steering inputs alone on flat, dry pavement. Defendant disagrees with this criterion, but does not assert a challenge to Dr. Renfroe's rollover stability opinion. Defendant objects, however, to Dr. Renfroe's assertion that Ford shares this defect criterion.

Plaintiff asserts that Dr. Renfroe is qualified to understand and provide opinions about the rollover resistance of a vehicle, his opinions and conclusions are based upon a reliable foundation, and his testimony will be helpful to the jury. Plaintiff asserts that because he bases his opinion on Ford's own documents and admissions, it is certainly reliable. And, because the rollover resistance guidelines include terms and concepts of art unique to automobile design, Dr. Renfroe's testimony and explanation is critical to the jury's understanding of Ford's stated design goals. Finally, plaintiff argues that Dr. Renfroe's reference to and discussion of Ford's internal rollover resistance guidelines is necessary to explain to the jury the guidelines against which the Explorer should be compared.

For expert testimony to be admissible, it must "actually assist the jury in arriving at an intelligent and sound verdict," *Viterbo*, 826 F.2d 420, 422 (5th Cir. 1987), by

"inform[ing] the court about affairs not within the full understanding of the average man." *United States v. Webb*, 625 F.2d 709 (5th Cir. 1980).  Upon examination of Dr. Renfroe's affidavit and resume, it is clear that he is an expert in the fields of automobile vehicle dynamics, accident reconstruction, occupant motion kinematics, and other vehicle design related topics.  He has twenty years of experience, a familiarity with various Ford Explorer design defects, and knowledge about rollover resistance and stability.  (D.E. 73, Ex. A).  Certainly he will be able to assist the jury by explaining the meaning of the terms of art used in relevant documents. Further, Dr. Renfroe bases this contested testimony on Ford's own documents and admissions, which is clearly a reliable basis for forming an opinion.

Defendant's Motion to Exclude the Testimony of Plaintiff's Expert David Renfroe Regarding Ford's Internal Standard for Rollover Resistance of a Vehicle is DENIED.

ORDERED this 28th day of June, 2005.

_____
HAYDEN HEAD
CHIEF JUDGE