UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSE HERNANDEZ, ET AL | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. C-04-319 |
| | § | |
| FORD MOTOR COMPANY | § | |
|     Defendant. | § | |

## ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO AN ALLEGED POST-SALE DUTY TO WARN OR RECALL

Pending before this Court is Defendant's Motion for Partial Summary Judgment as to an Alleged Post-Sale Duty to Warn or Recall (D.E. 30). Plaintiffs' complaint alleged defendant's negligence in the following:

> (1) Failing to comply with applicable and necessary Federal Motor Vehicle Safety Standards (FMVSS);
>
> (2) failing to notify consumers as required by law that a defect exists in the vehicle that relates to public safety;
>
> (3) failing to recall the vehicle or, alternatively, retrofitting the vehicle to enhance safety.

Defendant moves for summary judgment on the basis that these assertions do not amount to causes of action that are available under federal or Texas law.

Texas law generally does not recognize a common law post-sale duty to warn or to recall defective products. The Fifth Circuit held in a products liability action that "[b]ecause Texas does not impose on manufacturers the duty to warn about or to recall

products for which a safer design has been developed . . . the district court did not err in refusing to instruct the jury on negligence regarding a manufacturer's post-marketing failure to warn or recall."  *Syrie v. Knoll Intern.*, 748 F.2d 304, 311-12 (5th Cir. 1984); *see also McLennan v. American Eurocopter Corp.*, 245 F.3d 403, 430 (5th Cir. 2001) ("Texas courts generally do not recognize any post-sale duty to warn of product hazards arising after the sale.").

An exception to this general rule requires that the manufacturer (1) take title and actual control of the product, (2) undertake a replacement program, and (3) resell the product to the plaintiff after having learning of dangers that were not apparent at the time of the initial sale.  *Bell Helicopter Co. v. Bradshaw*, 594 S.W.2d 519 (Tex. Civ. App–Corpus Christi 1979).  The exception recognized in *Bradshaw* has been interpreted by other courts as an extension of the negligent undertaking theory.  "Before holding a manufacturer negligent for breach of a post-sale duty, it must be established that the manufacturer assumed a duty and then did not use reasonable means to discharge the duty."  *Dion v. Ford Motor Co.*, 804 S.W.2d 302, 310 (Tex. App.–Eastland 1991) (citing *Bradshaw*, 594 S.W.2d at 531); *see also McLennan*, 245 F.3d at 430; *Arkwright-Boston Mfrs. Mut. Ins. Co.*, 844 F.2d 1174, 1185 (5th Cir. 1988); *Syrie v. Kroll Int'l*, 748 F.2d at 311. Because there is no allegation that Ford assumed a duty to warn or recall post-sale, this exception does not apply.  Thus, plaintiffs may not assert a claim under Texas common law.

There is also no federal claim available, as the Federal Motor Vehicle Safety Act creates no private right of action. *Shields v. Bridgestone/Firestone, Inc.*, 232 F. Supp. 2d 715, 721 (E.D. Tex. 2002) ("The Safety Act does not provide for a private, federal cause of action.").

Therefore, defendant's Motion for Partial Summary Judgment as to the alleged post-sale duty to warn or recall is GRANTED.

ORDERED this 28th day of June, 2005.

_____
HAYDEN HEAD
CHIEF JUDGE