UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSE HERNANDEZ, ET AL § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | C.A. NO. C-04-319 |
| § | | |
| FORD MOTOR COMPANY § | | |
|     Defendant. § | | |

## AMENDED ORDER AND OPINION DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO THE BYSTANDER CLAIMS

Pending before this Court is Defendant's Motion for Partial Summary Judgment as to Bystander Claims (D.E. 28).

The Hernandez family members (aside from Irma) are seeking recovery solely as bystanders. Plaintiffs Jose, Ana, Anibel, and Anna Hernandez all personally witnessed the tragic occurrence and the serious, life threatening injuries suffered by Irma Hernandez. To recover as a bystander under Texas law, a plaintiff is required to establish that:

> (1) The plaintiff was located near the scene of the accident, as contrasted with one who was a distance away from it;
> (2) The plaintiff suffered shock as a result of a direct emotional impact upon the plaintiff from a sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence; and
> (3) The plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship.

*United Servs. Auto. Ass'n v. Keith*, 970 S.W.2d 540, 542 (Tex. 1998). Defendant concedes that the accident had "an emotional impact" on the plaintiffs and also concedes

the close familial relationship required by Texas law. Defendant seeks summary judgment to dismiss this claim on the grounds that plaintiffs' "observance of the accident" was not "sensory and contemporaneous." *Id.*

Defendant asserts that, although the family members were in the vehicle at the time of the accident, none of them actually saw what happened in the front seat. Defendant states that no plaintiff testified that he or she saw anything occur inside the vehicle during the roll, and immediately after the accident, they did not see any blood or hear Irma make loud noises.  According to defendant, the family did not witness the injury until the aftermath at the hospital.  Plaintiffs assert, however, that the family members not only witnessed the accident, but also witnessed Irma being slowly suffocated by the intruding Ford Explorer roof.  Plaintiffs contend that this is sufficient to meet the standard for recovery under Texas law, which requires presence and contemporaneous perception of the accident.  *Id.*

Defendant relies on *Rodriguez v. Riddell Sports Inc.*, 242 F.3d 567, 578 (5th Cir. 2001) for the proposition that simply witnessing the "immediate aftermath" of a serious injury is not enough for recovery.  In *Rodriguez*, a mother was present in the bleachers when her son was tackled, lost consciousness, and ultimately suffered permanent brain damage and a permanent vegetative state. *Id.* at 570.  The Fifth Circuit denied recovery because the plaintiff did not actually see the tackle that injured her son.

> Here, Raquel Rodriguez did not witness the injury–she did not have a contemporaneous perception of it. There is little doubt that seeing her son suffering from the effects of his accident–frothing at the mouth and spitting saliva–was horrifying and emotionally painful. Emotional distress, however, must occur under certain conditions, not met here, for a parent to be entitled to bystander recovery. *Id.* at 578.

*Rodriguez* is distinguishable from the facts here. The Hernandez family's presence in the vehicle during the accident allowed for "sensory and contemporaneous observance of the accident." *Keith*, 970 S.W.2d at 542. Each family member has sworn in an affidavit that they observed Irma as she was trapped inside the vehicle with the roof pressed down on her head and shoulders. This constitutes "contemporaneous perception" much more than mere presence in a football stadium's bleachers when an accident occurs on the field out of the bystander's line of vision. *See Rodriguez*, 242 F.3d at 578. Presence in the automobile during the accident certainly allowed for "observance of the accident, as contrasted with learning of the accident from others after its occurrence." *See Keith*, 970 S.W.2d at 542.

Therefore, defendant's Motion for Partial Summary Judgment as to the bystander claims is DENIED.

ORDERED this 28th day of June, 2005.

_____
HAYDEN HEAD
CHIEF JUDGE