# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSE HERNANDEZ, ET AL | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. C-04-319 |
| | § | |
| FORD MOTOR COMPANY | § | |
|     Defendant. | § | |

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO THE MARKETING DEFECT CLAIMS

Pending before this Court is defendant's Motion for Partial Summary Judgment as to the Marketing Defect Claims (D.E. 29).

Plaintiffs asserted in the second amended original complaint (D.E. 23) the following product liability claim:

> 18.  At the time the vehicle in question was designed, manufactured, sold and/or placed into the stream of commerce by Defendant Ford Motor Company, the same was defective and unreasonably dangerous in its . . . marketing.

After defendant moved for summary judgment on this issue, plaintiffs asserted in their response that they deleted the strict liability marketing claims.  According to plaintiff, therefore, the motion for summary judgment is mooted by the amended complaint.

Defendant, however, also moves for summary judgment on the following negligence claims:

1

24.  As such, the Defendant owed Plaintiff a duty to use reasonable care in the . . . instructing and warnings surrounding the Ford Explorer and its components.

25.  Defendant committed acts of omission and commission, which collectively and severally constituted negligence.  The negligent acts included, but are not limited to, the following acts of omissions:

d.  Failing to disclose known problems and defects concerning both the handling and stability defects as well as the defective roof structure;

e.  Negligently marketing the vehicle as a safe passenger vehicle.

(Fourth Am. Orig. Compl., D.E. 127).[1]  Plaintiffs, in their response, did not oppose summary judgment on the negligence in marketing claims.  Defendant correctly notes that, in practical terms, there is virtually no difference between a claimed negligent failure to warn and a strict liability marketing defect theory.  Under either theory, the claimant must establish that the failure to provide warnings or instructions caused the accident or injuries.  *General Motors Corp. v. Saenz*, 873 S.W.2d 353, 357 (Tex. 1993).[2]

_____

[1]Plaintiffs' negligent marketing claims are identical in the Second, Third, and Fourth Amended Original Complaints.

[2]The *Saenz* court stated:
Plaintiffs must show that GM's failure was a proximate cause of the accident to recover on their negligence claim, and a producing cause to recover on their strict liability claim–the difference being that proof of proximate cause entails a showing that the accident was foreseeable, while proof of producing cause does not. The element common to both proximate cause and producing cause is actual causation in fact. Thus, to recover on either of their claims plaintiffs must show that but for GM's omission the accident would not have occurred.
*Saenz*, 873 S.W.2d at 357.

2

Defendant contends that the central flaw in plaintiffs' marketing theory is that a marketing claim presumes that the product can be made reasonably safe with proper instructions or warnings.  Defendant asserts that when plaintiffs also complain of design defect, the only appropriate warning would have been to say "do not buy the product at all."  In *Lujan v. Tampo Manufacturing Co.*, Inc., 825 S.W.2d 505, 510 (Tex. 1992), the Texas Supreme Court granted the manufacturer's motion for summary judgment because plaintiff's claim that the manufacturer should have warned of the absence of a safety device merely restated plaintiff's design defect claim.

> Although the allegations in paragraph 2 refer to placing the roller on the "market" without installing an alarm, this really is referring not to marketing but to negligence in design and/or manufacture . . . A "marketing defect" involves a failure to warn, or warn adequately, of dangers or risks of harm or the failure to provide instructions for safe use of a particular product . . . The "negligent marketing failure to warn" cause of action is hinged on an allegation that the alarm is required by federal regulations, a fact that has been effectively negated by Bean's factual assertion to the contrary.

*Id.* at 510.  Here, similarly, the heart of plaintiff's complaint is the claim of a design defect.[3]

Further, defendant asserts that there is no evidence that a different warning or instruction would have been heeded and would have changed the outcome in this instance.  To prove causation, plaintiff must show that a different warning would have

---

[3]"Defendant owed Plaintiff a duty to use reasonable care in the design, manufacture, preparation, testing, instructing and warnings surrounding the Ford Explorer and its components.  The Defendant violated this duty by supplying a vehicle and components that were defective."  (Fourth Am. Orig. Compl., D.E. 42, ¶ 24)

prevented the injuries in this case.  *Saenz*, 873 S.W.2d at 357.  Another federal court

held that no warning would have prevented an accident when the vehicle overturned after

the driver swerved sharply to avoid hitting a concrete bridge railing.  *Greiner v.*

*Volkswagenwerk Aktiengesellschaft*, 429 F. Supp. 495 (E.D. Pa. 1997).  "Under these

circumstances, warning or not, there was no conceivable way that an accident could have

been avoided . . . It is simply not within the bounds of human reason to suppose that,

had there been a warning, [the driver] would have recalled it, considered it and then

intentionally crashed head-on into a concrete rail."  *Id.* at 497.  Additionally, defendant

asserts that plaintiffs have not designated a qualified expert witness to testify about

warnings.

      In a case, with analogous facts to the present matter, the Eastern District of

Pennsylvania concluded that "the causal connection between lack of warnings and

plaintiff's injury is too remote to raise a jury question."  *Greiner*, 429 F. Supp. at 497.

Furthermore, the  *Greiner* court stated that any suggestion that the plaintiff might not

have purchased the car were a proper warning issued was nothing other than "'pure

conjecture or guess."  *Id.*

Because plaintiffs' manufacturing defect claim restates the design defect claim and does not indicate how a proper warning would have prevented the accident or injuries, defendant's Motion for Summary Judgment as to the marketing defect claims be GRANTED.

ORDERED this 20th day of July, 2005.


HAYDEN HEAD
CHIEF JUDGE