UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSE HERNANDEZ, ET AL | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. C-04-319 |
| | § | |
| FORD MOTOR COMPANY | § | |
|     Defendant. | § | |

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S PARTIAL MOTION FOR SUMMARY JUDGMENT AS TO THE FRAUD ON NHTSA CLAIM

Pending before this Court is Defendant's Motion for Partial Summary Judgment as to the Fraud on NHTSA Claim (D.E. 32).

### I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

### II. ISSUE

Plaintiffs alleged the following in their complaint:

The applicable mandatory Federal Motor Vehicle Safety Standard (FMVSS 216) was inadequate to protect the public from unreasonable risks of injury or damage related to the defective roof of the subject 1996 Ford Explorer, and *Defendant Ford Motor has withheld or misrepresented information or material relevant to the National Highway Traffic Safety Administration's (NHTSA'S) determination of adequacy of the safety standards or regulations at issue in this action.*

(Fourth Am. Orig. Compl., D.E. 127, ¶ 19). Defendant asserts that summary judgment on this claim is appropriate because federal law preempts any allegation that Ford committed Fraud on NHTSA. Plaintiffs contend, however, that they are merely pleading

the language required by section 82.008 of the Texas Civil Practice & Remedies Code, which creates a rebuttable presumption in a products liability case that a manufacturer is not liable if it has complied with federal standards. TEX. CIV. PRAC. & REM. CODE §82.008(a). Plaintiffs may rebut this presumption by establishing

> (1) the mandatory federal safety standards or regulations applicable to the product were inadequate to protect the public from unreasonable risks of injury or damage; or
>
> (2) *the manufacturer, before or after marketing the product, withheld or misrepresented information or material relevant to the federal government's or agency's determination of adequacy of the safety standards or regulations at issue in the action.*

§ 82.008(b) (emphasis added).

### III.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 106 S.Ct. 2548, 2552 (1986); *Thomas v. Price*, 975 F.2d 231, 235 (5th Cir.1992).

### IV.  DISCUSSION

**A.  Preemption**

A federal law can either expressly or impliedly preempt a state law. When a federal act does not expressly preempt state law, it may do so through "conflict preemption." Conflict preemption occurs when the requirements of state law and federal law make it impossible for a party to comply with both laws or when state law

"prevent[s] or frustrate[s] the accomplishment of a federal objective."  *Geier v. American Honda Motor Co., Inc.*, 120 S. Ct. 1913 (2000).  Defendant asserts that the Act confers broad authority on NHTSA to ensure manufacturer compliance with the federal safety standards.  Thus, defendant contends, the "fraud on NHTSA" claim would allow this federal scheme to be second guessed by fifty different state tort regimes and would frustrate the federal framework and procedure for ensuring compliance with the Safety Act.  *Buckman Co. v. Plaintiffs' Legal Comm.*, 121 S. Ct. 1012, 1018, 1020 (2001) (fraud on FDA claim).

**B.  Savings Clause**

Defendant relies on *Buckman* for the contention that the fraud on NHTSA claim will inevitably conflict with the Federal Motor Vehicle Safety Act.  121 S. Ct. at 1015.  The *Buckman* Court addressed a "fraud on the FDA" claim and whether this was preempted by the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 360e.

The Federal Motor Vehicle Safety Act contains a savings clause.  Section 2074(a) states "[c]ompliance with consumer product safety rules or other rules or orders under this chapter shall not relieve any person from liability at common law or under State statutory law to any other person."  15 U.S.C. § 2074(a).  The Supreme Court held that the Safety Act does not preempt state statutory and common law claims and that existence of "[t]he saving clause assumes there are some significant number of common-law liability cases to save."  *Geier*, 529 U.S. at 867.  The Food, Drug, and Cosmetic Act, however, contains no savings clause protecting the ability to bring claims under

state statutes and common law. Therefore, *Buckman* is distinguishable.

This Court finds that the Safety Act does not preempt section 82.008(b), and plaintiffs are allowed to present evidence to rebut the presumption of immunity for compliance with federal safety standards. TEX. CIV. PRAC. & REM. CODE § 82.008.

## IV.  CONCLUSION

For the foregoing reasons, defendant's Motion for Partial Summary Judgment as to the Fraud on NHTSA Claim is DENIED.

ORDERED this 2nd day of August, 2005.

_____
HAYDEN HEAD
CHIEF JUDGE